UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAMANJEET KAUR,<br><br>Plaintiff,<br><br>v.<br><br>JULIO HERNANDEZ et al.,<br><br>Defendants. | CASE NO. 2:26-cv-03092-JNW<br><br>ORDER DENYING HABEAS CORPUS PETITION |

## 1. BACKGROUND

Petitioner Ramanjeet Kaur seeks a writ of habeas corpus ordering her release from immigration detention. For the reasons below, the Court DENIES the petition WITHOUT PREJUDICE. Kaur is a 39-year-old citizen of India. Dkt. No. 1 at 6. Kaur's immigration history is generally undisputed by the parties, so the Court recounts only the facts relevant to her habeas petition.

Kaur arrived in the United States and applied for admission on August 4, 2014, expressing a credible fear of returning to India. Dkt. No. 6 ¶ 5. On April 16, 2015, an Immigration Judge ("IJ") ordered Kaur removed *in absentia* because she failed to appear for her merits hearing. *Id.* ¶ 12. Kaur says that her prior lawyer's

errors led to the *in absentia* removal order—one told her she did not need to attend, and his ineffective assistance led to the *in absentia* removal order. Dkt. No. 1 at 8. After unsuccessful appeals, the removal order became final on March 20, 2018. Dkt. Nos. 1 at 8; 6 ¶ 16.

On July 12, 2018, Immigration and Customs Enforcement (ICE) placed Kaur on an Order of Supervision ("OSUP"). Dkt. No. 6 ¶ 18. For the next eight years, Kaur resided in Washington and complied with the terms of her release. She maintained stable employment and, as a single mother, raised her two U.S. citizen children, who are now ages nine and four. Dkt. No. 1 at 9, 11–12.

On February 27, 2026, Kaur reported to the Seattle Field Office for a routine check-in, but ICE detained and transferred her to the Northwest ICE Processing Center ("NWIPC"). Dkt. Nos. 1 at 9; 6 ¶ 25. She has been detained since.

On March 17, 2026, Kaur's current counsel moved to reopen her removal proceedings and to stay her deportation. Dkt. No. 6 ¶¶ 27–28. On March 18, the Indian Embassy issued Kaur a travel document, and on March 23, the Board of Immigration Appeals (BIA) stayed her removal while it considered her motion. *Id.* ¶¶ 30–31. On September 9, 2026, the BIA denied Kaur's motion, and she petitioned the Ninth Circuit for review. *Id.* ¶¶ 36–37. The Ninth Circuit issued a temporary stay of removal that remains in place. *Id.* ¶ 36. The travel document Respondents procured for Kaur's removal expired on September 17, 2026, but ICE "intends to renew" it. *Id.* ¶ 39.

Kaur twice sought habeas relief from this Court. On April 28, 2026, United States Magistrate Judge Leupold denied Kaur's petition to bar an imminent out-of-

state transfer, finding her claim to be one that involved the conditions of her confinement, without stating a Fifth Amendment violation. *Kaur v. Hermosillo et al.*, No. 2:26-cv-00891-GJL, Dkt. No. 10 at 10 (W.D. Wash. Apr. 28, 2026). As a result, she failed to state a habeas claim under Section 2241. *Id.* After Kaur had been detained for approximately five months, she petitioned for release. *Kaur v. Hernandez*, No. 2:26-cv-01914-MLP, Dkt. No. 13 (W.D. Wash. Jul. 23, 2026). United States Magistrate Judge Peterson found that because Kaur had been detained for less than six months, she was ineligible for release under *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). *Id.* As of the date of this Order, Kaur has been in ICE custody for over eight months.

## 2. LEGAL STANDARD

In *Zadvydas*, the Supreme Court held that 8 U.S.C. § 1231(a)(6) "does not permit indefinite detention." 533 U.S. at 689. Rather, it allows detention only for "a period reasonably necessary to bring about that [noncitizen]'s removal from the United States." *Id.* "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. The Court established six months as the "presumptively reasonable" period of post-removal-order detention. *Id.* at 701. After that, "once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* [A]as the period of prior post removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.* The Government's burden to justify continued detention thus becomes increasingly demanding over time.

## 3. DISCUSSION

It is undisputed that Kaur is detained under 8 U.S.C. § 1231(a)(6); that she has been detained for more than six months and that she cannot be removed to India while the Ninth Circuit's stay remains in place. Kaur argues that the stay and the expiration of her travel document give good reason to believe that her removal is not significantly likely in the reasonably foreseeable future. Dkt. No. 8 at 2–3. So the key question is whether Kaur's pending petition for review, which Respondents assert is the only thing preventing them from removing her, "renders [her] detention under 8 U.S.C. § 1231(a)(6) indefinite such that [her] removal is 'no longer reasonably foreseeable' in violation of due process." *Paez v. Scott*, No. 2:26-CV-01144-LK, 2026 WL 1396111, at *3 (W.D. Wash. May 19, 2026) (quoting *Zadvydas*, 533 U.S. at 699)). "All federal appellate courts that have considered the issue have concluded that relief under *Zadvydas* is unavailable where delay in removal is caused by ongoing litigation." *Id.*

In *Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008), the Ninth Circuit held that the petitioner was not entitled to release under *Zadvydas* when his removal was "delayed by his pursuit of judicial review of his administratively final removal order" and not because his country of origin would not accept him or removal was unlawful. Although the petitioner's detention lacked a certain end date, "this uncertainty alone [did] not render his detention *indefinite* in the sense the Supreme Court found constitutionally problematic in *Zadvydas*." *Id.*

Here, the Court is presented with the same issue. Respondents aver that, "[b]ut for the granting of the stay of removal and the filing of multiple habeas

corpus petitions, [Kaur] would have already been removed." Dkt. No. 6 ¶ 38. That stay will end when the Ninth Circuit rules. And Respondents "intend[] to renew" Kaur's travel document and do "not anticipate any hinderance to get a new travel document from the Indian embassy[.]" *Id.* ¶ 39.

Kaur argues that Respondents do not stand ready to remove her because the travel document has expired. But while the stay is in place, no travel document would let ICE remove her; the document matters only once the stay lifts. And Kaur offers no reason to think India will refuse to renew her travel document. Indeed, she concedes that the expiration "does not by itself establish that India could never issue a replacement document." Dkt. No. 1 at 14. Kaur has been detained for over eight months, and as detention grows, the "reasonably foreseeable future" shrinks. *Zadvydas*, 533 U.S. at 701. But the only present obstacle to her removal is a court proceeding that will end, and the only step left after that is a document India has already issued once. Kaur thus has not given good reason to believe that her removal is unlikely in the reasonably foreseeable future, and the burden does not shift to Respondents.

The Court acknowledges the harsh result of the case law given that it punishes noncitizens who seek judicial review to which they are entitled. But under these circumstances, Kaur is not eligible for relief under *Zadvydas*. If circumstances change—for example, if the stay lifts but ICE cannot obtain a new travel document or remove her within a reasonable time—Kaur may file a new petition for habeas relief.

## 4. CONCLUSION

Accordingly, the petition for a writ of habeas corpus is DENIED WITHOUT PREJUDICE. Dkt. No. 1.

Dated this 17th day of November, 2026.

Jamal N. Whitehead
United States District Judge